81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth HARTMAN, Plaintiff-Appellant,
v.
Shirley S. CHATER*, Defendant-Appellee.
 No. 95-35009.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1996.**
Decided March 21, 1996.
 
 Before: CHOY, SKOPIL, FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Kenneth Hartman appeals the district court's decision affirming the Commissioner's determination that recovery of $18,234.60 in overpaid Social Security retirement benefits could not be waived because Hartman was not without fault in causing the overpayments. We affirm.
 
 
 3
 Substantial evidence supports the conclusion that Hartman was not without fault in causing the overpayments. See Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). Hartman failed to exercise the requisite degree of care in complying with the reporting requirements. See 20 C.F.R. § 404.511(a). Although Hartman claims that no one at the Social Security Administration informed him of the reporting requirement when he first applied for benefits in 1979, the form itself clearly explained that requirement. Moreover, over the course of several years, the SSA repeatedly informed Hartman of the overpayments and advised him of the reporting requirement.
 
 
 4
 The Commissioner offered "specific, cogent reasons for disbelieving" Hartman's testimony that severe depression prevented him from understanding the reporting requirements. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir.1990). The Commissioner concluded that Hartman's allegations of mental disorder were raised solely to avoid the consequences of his conduct, reasoning that Hartman presented no evidence of a medical diagnosis of depression and did not allege any treatment beyond a few counselling sessions. Furthermore, the Commissioner found that Hartman had knowingly made false statements denying the receipt of benefit checks and that his conduct was "egregious."
 
 
 5
 Similarly, the Commissioner offered sufficient reasons for applying "no material weight" to the affidavit of Hartman's stepson. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993) (requiring "reasons that are germane to each witness" when discounting lay witness testimony). The Commissioner found the affidavit invested with Hartman's own self-interest, reasoning there was "no contemporaneous evidence of mental disorder that would arise to the level of an inability to understand instructions or handle funds."
 
 
 6
 AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3