83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen HOOPER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
** Defendant-Appellee.
 No. 95-35107.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1996.*
Decided April 19, 1996.
 
 1
 Before: HALL and TROTT, Circuit Judges, and RAFEEDIE, District Judge.***
 
 
 2
 MEMORANDUM****
 
 Introduction
 
 3
 Allen Hooper appeals from the district court's grant of summary judgment in favor of the Secretary of the Department of Health and Human Services ("the Secretary"). We find that the Secretary's determination was proper in all respects and therefore we affirm the district court's grant of summary judgment.
 
 Facts
 
 4
 Hooper, 40, was self-employed as the operator of a scrap heap in July 1991, when he was injured in an automobile accident. The Secretary denied Hooper's request for supplemental benefits. Hooper requested and received a hearing before an administrative law judge ("ALJ"). Given the limitations he found to be present, the ALJ concluded that Hooper was still capable of working as an assembler or an alarm monitor and therefore denied benefits.
 
 Standard of Review
 
 5
 We review the district court's grant of summary judgment de novo. We will affirm the Secretary's decision if it is supported by substantial evidence. Substantial evidence "is relevant evidence which a reasonable person might accept as adequate to support a conclusion" and is based on the entire record. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). The Secretary's decision must also be based upon an application of the proper legal standard. Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir.1983).
 
 Discussion
 
 6
 A. Step Three: Is the Impairment or Combination of Impairments Equivalent to an Impairment Conclusively Presumed to be Disabling?
 
 
 7
 Hooper claims that the Secretary erred in finding that he was not conclusively presumed to be disabled. We disagree.
 
 
 8
 The Secretary found that Hooper's medical evidence established that he could not return to heavy manual labor, but that he could perform other lighter labor.
 
 
 9
 This finding does not constitute a rejection of the opinions of the treating and consulting physicians. Hooper's examiners all stated that they did not believe he could continue in his previous line of work. The Secretary's finding was that Hooper's claims of pain and depression did not constitute conclusively presumptive disability, because there were jobs that Hooper could still perform, given the limitations established by the treating and consulting physicians, the chiropractor, and the psychiatrists. These limitations were that Hooper not be required to lift more than forty (40) pounds, that he not be required to sit or stand in the same position for significant periods, that he have limited contact with people, and that he not be under great stress. This finding is entirely consistent with the opinions given by the examiners.
 
 
 10
 The Secretary also discounted Hooper's claims of subjective pain. In order to do so, the Secretary must make specific findings. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). In this case, the Secretary made specific findings concerning Hooper's claims of subjective pain. The Secretary noted that:
 
 
 11
 The claimant's lack of treatment detracts from his credibility as well. He has not had surgery and he is not a surgical candidate. He has not attended a back school or a pain clinic. The claimant received physical therapy for, apparently, only one week. He has not received acupuncture treatment either. The claimant has not been using a back brace or a TNS unit. He does not use and is not in need of any ambulatory aids.
 
 
 12
 (E.R. 15). The factors identified in this case are similar to those relied upon in Matthews and suggest that Hooper's claims of subjective pain have been exaggerated. Moreover, the Secretary did not discount Hooper's claims completely; the Secretary simply found that they "are credible only to the extent that they are consistent with the decision that he remains capable of performing a limited range of light work activities." (E.R. 15).
 
 
 13
 We conclude that the Secretary's finding that Hooper's problems were not equivalent to a conclusively presumptive disability did not conflict with the evidence from the professionals who examined Hooper. This finding is supported by substantial evidence in the record, as the Secretary constructed a hypothetical for the vocational expert using the limitations established by the examiners.
 
 
 14
 B. Step Five: Can the Claimant Perform Other Work?
 
 
 15
 Hooper also claims that the Secretary erred in determining that he could perform other substantial gainful activity, either as an assembler or as an alarm monitor. Again, we disagree.
 
 
 16
 Hooper's argument that the Secretary erred in determining that he could perform the job of assembler rests on his claim of subjective pain. Hooper claims that he cannot perform any work because his pain frustrates him, and in response to the frustration, he destroys whatever he is working on.
 
 
 17
 However, as we noted above, the Secretary had a sufficient basis for rejecting Hooper's claim of subjective pain. As a result, Hooper's claim that he could not work as an assembler was properly rejected.
 
 
 18
 Since Hooper did not raise any other deficiencies with the job of assembler at the hearing, we conclude that the Secretary had substantial evidence for determining that Hooper could perform the task of being an assembler.
 
 
 19
 Hooper also claims that the Secretary erred in concluding that Hooper could perform as an alarm monitor. In light of our conclusion that the Secretary's properly found that Hooper could perform as an assembler, this claim is moot.
 
 Conclusion
 
 20
 We affirm the district court's grant of summary judgment, as the undisputed facts show that the Secretary's finding that Hooper was still capable of employment was supported by substantial evidence in the record.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Shirley S. Chater, Commissioner of Social Security, substituted for Donna E. Shalala, Secretary of Health and Human Services, pursuant to Pub.L.No. 103-296 and Fed.R.App.P. 43(c)(1)
 
 
 ***
 The Honorable Edward Rafeedie, United States District Court Judge for the Central District of California, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided for by Ninth Circuit Rule 36-3