103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra TUCKER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 95-55748.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.**
Decided Dec. 06, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,*** District Judge.
 
 
 2
 MEMORANDUM****
 
 
 3
 Sandra Tucker appeals the district court's grant of summary judgment in favor of the Commissioner of Social Security. The district court upheld the Commissioner's decision that Tucker was not disabled and thus not entitled to social security disability benefits. We reverse.
 
 
 4
 Tucker asserts that she was disabled by carpal tunnel syndrome during the closed period between February 18, 1991 and November 3, 1992, and thus was unable to perform her telephone operator job. After a hearing, an Administrative Law Judge (ALJ) concluded that Tucker could have worked as a garment folder or sorter or as a produce sorter from February, 1991 until November 1992. Therefore, she was not disabled. The Appeals Council denied Tucker's request for review. On cross-motions for summary judgment, the district court upheld that decision.
 
 
 5
 We review a district court's decision upholding the Commissioner's denial of benefits de novo. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). "The [Commissioner's] denial of disability benefits will be overturned only if it is not supported by substantial evidence, or if it is based on legal error." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995).
 
 
 6
 Tucker has the ultimate "burden of proving she is disabled." Johnson, 60 F.3d at 1432; see 42 U.S.C. § 423(d)(1)(A) (defining "disability"). First, Tucker must show "that she is disabled to the extent that she cannot return to her former job." Johnson, 60 F.3d at 1432. The Commissioner does not dispute that Tucker was unable to return to her former telephone operator position.
 
 
 7
 Once a claimant shows that she cannot return to her former job, "[t]he burden then shifts to the [Commissioner] to show that the claimant can do other substantial gainful activity." DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir.1991). The Commissioner carries the burden by showing "specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations." Johnson, 60 F.3d at 1432.
 
 
 8
 Tucker argues that there simply is not substantial evidence showing that she could perform the jobs of garment folder, garment sorter, and produce sorter. Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir.1995). The reviewing court must "review the record as a whole" and not " '[isolate] a specific quantum of' " evidence. DeLorme, 924 F.2d at 846 (citation omitted). When reviewing the evidence, "the medical opinions of a claimant's treating physicians are entitled to special weight." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988).
 
 
 9
 Viewing all of the evidence, including the testimony from Tucker's treating physician, Dr. Slonim, we conclude that the ALJ's decision is not supported by substantial evidence. While Dr. Slonim did not categorically report that Tucker could not use her hands and arms for 12 months, as late as August of 1992 he did explain that she needed a job which allowed her very frequent breaks. Coming from Tucker's treating physician, Dr. Slonim's conclusion on this point is entitled to extra weight. See id. Additionally, another physician concluded that Tucker should "avoid repetitive motion" in her work. Similarly, Tucker testified that she could not perform sustained activity and had to rest frequently. There was no evidence to the contrary.
 
 
 10
 Despite this evidence, the ALJ did not include the factor of frequent breaks in his hypothetical questions to Linton Stewart, a vocational expert who testified at Tucker's hearing. Tellingly, when asked by Tucker's counsel to assume that the hypothetical worker could only work for 30 minutes without a break, Stewart stated unequivocally that the worker "wouldn't be able to do" any jobs and would not be competitively employable "absent a sympathetic employer." Yet, in his written decision, the ALJ expressly relied on Stewart's response to a hypothetical about a worker without the break limitation. That reliance appears improper, because the hypothetical did not "set out all the limitations and restrictions of the particular claimant." Embrey, 849 F.2d at 422 (emphasis in original).
 
 
 11
 Viewing the record without the answer to the ALJ's hypothetical, there is not substantial evidence to support the ALJ's decision. In fact, the evidence which "a reasonable person might accept as adequate to support a conclusion" appears to show that the Commissioner did not establish that Tucker could perform any jobs in the national economy. See Flaten, 44 F.3d at 1457; Matthews, 10 F.3d at 679. The evidence appears to point only toward granting Tucker disability benefits. Consequently, we hold that the Commissioner's decision was not supported by substantial evidence.[1]
 
 
 12
 We are aware of some ambiguity in the medical record regarding Tucker, and that leads us to remand for further consideration by the Commissioner. On February 19, 1991, Dr. Slonim determined that Tucker was temporarily disabled. There is no dispute about that. On February 21, 1992, he decided that any work she does must be "very non hand intensive," but that her condition is permanent and stationary and she will require "vocational rehabilitation." There is no further explication of what "very non hand intensive" means until July 14, 1992, when Dr. Slonim informed Pacific Bell that Tucker cannot do "repetitive activities with her hands." He then stated on August 28, 1992 and, again, on September 12, 1992, that she can work with her hands for a maximum of 30 minutes before she takes a break of 10 minutes. What is not entirely clear is whether the time limitations are more or less than those contemplated in the "very non hand intensive" requirement of February of 1992 or whether the doctor had now decided that she could do hand intensive work if she followed the regimen set forth in August of 1992. In other words, would the August of 1992 time limitations apply to the possible uses of her hands contemplated by the "very non hand intensive" limitation, or would they only apply to work at Pacific Bell? We do not think the record allows a determination one way or the other, but it is quite clear that if it was the former, she was disabled. The distinction is critical. Thus, further proceedings are required.
 
 
 13
 REVERSED and REMANDED to the district court for remand to the Commissioner for further proceedings.
 
 
 
 *
 Pursuant to Public Law No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995. In accordance with § 106(d), Shirley S. Chater, the Commissioner of Social Security is substituted for Donna E. Shalala, the Secretary of Health and Human Services as the defendant in this action. No further action need be taken to continue this suit. Id
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 ***
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It does appear that Tucker was able to return to work, with accommodations, as early as August 28, 1992. However, that took some doing, and she was not able to convince her employer to take her back until November 3, 1992