131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda BELL, Plaintiff-Appellant, VS. v.
Kenneth S. APFEL*, Commissioner of the
Social Security and Administration, Defendant-Appellee.
 No. CA 96-35824.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1997.***
Filed Nov. 25, 1997.
 
 Appeal from the United States District Court For the District of Oregon, DC CV-95-01901-REJ, Robert E. Jones, District Judge, Presiding.
 Before CANBY, T.G. NELSON AND KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Linda Bell appeals a judgment of the district court affirming a decision of the Commissioner of Social Security denying Bell's application for disability insurance benefits and supplemental security income. The Administrative Law Judge ("ALJ") denied Bell's application on the ground that she retained the residual functional capacity to perform her past work as a convenience store manager, as well as other available work. The Social Security Appeals Council denied review of the ALJ's decision, which thereby became the decision of the Commissioner. The Oregon District Court then upheld the Commissioner's decision.
 
 
 3
 We review de novo a district court order that affirms an ALJ's decision to deny disability benefits. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We uphold the ALJ's decision if it is supported by substantial evidence and if the ALJ applied the correct legal standard. Id. "Substantial evidence ... is relevant evidence which a reasonable person might accept as adequate to support a conclusion." Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993).
 
 
 4
 The ALJ's finding that Bell can perform her past work was based on substantial evidence. Accordingly, we affirm.
 
 II.
 
 5
 The facts of this case are already known to the parties. We will repeat them here only as necessary.
 
 III.
 
 6
 Bell argues that the ALJ failed to accord sufficient weight to the affidavit testimony of Bell's treating physician, Dr. Kathleen Cioffi. Dr. Cioffi concluded that Bell was totally and permanently disabled.
 
 
 7
 If the examining or treating doctor's opinion is contradicted by another doctor, then the ALJ may reject the opinion on the basis of substantial evidence. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.1995). We have examined carefully the record in this case. We conclude that the observations of the other examining physicians contradicted Dr. Cioffi's opinion. Although all of Bell's doctors recorded that she reported lower back pain, examinations by Dr. David Rullman and Dr. Timothy Birney suggest that Bell was neither totally nor permanently disabled. Dr. David Rullman noted that Bell demonstrated good mobility in all joint areas and normal coordination and reflexes. He also reported that Bell could perform a range of common motions, such as bending, squatting, and walking at a fast pace. Dr. Birney also examined Bell as she performed a variety of motions. He noted that some of the movements produced no back pain; other movements caused only mild to moderate back pain. Therefore, because Dr. Cioffi's opinion was contradicted by the reports of other, examining physicians, the ALJ could reject Dr. Cioffi's opinion on the basis of substantial evidence.
 
 
 8
 We conclude that substantial evidence supports the ALJ rejection of Dr. Cioffi's opinion. In addition to the medical evaluations by Drs. Birney and Rullman, the ALJ relied on the results of an MRI, which revealed "mild" degenerative disc disease. These medical reports and test results constituted relevant evidence that a reasonable person would accept as adequate to support the conclusion that Bell's pain was not disabling. Thus, the ALJ properly rejected Dr. Cioffi's opinion to the contrary.
 
 
 9
 An ALJ may also reject the opinion of an examining or treating physician (even if uncontradicted) if the opinion is unsupported by clinical findings. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). In this case, the ALJ noted that Dr. Cioffi did not adequately support her opinion. Although Dr. Cioffi briefly noted that Bell could not perform some physical activities, such as standing or sitting for a prolonged period of time, she made no clinical findings to support her conclusion that Bell was either totally or permanently disabled. Accordingly, the ALJ was not obliged to accept Dr. Cioffi's assessment.
 
 III.
 
 10
 Bell argues that the ALJ improperly discounted her pain testimony. "Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'... [T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester, 81 F.3d at 834 (citations omitted). However, although an ALJ may not reject pain testimony without clear and convincing reasons, an ALJ must weigh pain testimony against all other relevant evidence, including medical history and laboratory findings, to determine the pain's intensity and persistence. 20 CFR § 404.1529(a) (1997).
 
 
 11
 In this case, the ALJ did not totally reject Bell's pain testimony: He accepted that Bell was in pain to some degree and then concluded, on the basis of all the relevant evidence, that her pain was not so great as to keep her from working. Specifically, the ALJ noted the generally normal findings in the medical reports, which we have already summarized above. Therefore, we conclude that the ALJ properly considered the effect of Bell's pain on her ability to perform her past work.
 
 IV.
 
 12
 Bell also argues that the ALJ improperly concluded that Bell could perform other available work. We do not reach this question because we have already determined that the ALJ properly concluded that Bell could perform her past work as a convenience store manager. See 20 C.F.R. § 416.920(f) (1997); see also Andrews v. Shalala 53 F.3d 1035, 1040 (9th Cir.1995).
 
 V.
 
 13
 The decision of the district court is AFFIRMED.
 
 
 
 *
 Kenneth S. Apfel has been substituted for Shirley S. Chater. Fed. R.App. P. 43(c)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3