139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles LOCKRIDGE, Plaintiff-Appellant,
v.
Kenneth S. APFEL*, Commissioner of Social
Security, Defendant-Appellee.
 No. 97-35539.
D.C. No. CV-96-1038-AS.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 20, 1998.
Submitted February 9, 1998***.
 
 Appeal from the United States District Court for the District of Oregon James A. Redden, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Lockridge appeals the district court's order affirming the final decision of the Commissioner of Social Security denying his application for supplemental security income benefits under 42 U .S.C. §§ 1381-1383c. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's judgment upholding an administrative law judge's ("ALJ") denial of benefits. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We must affirm the ALJ's decision if it is supported by substantial evidence and is based upon the correct legal standards. See id.
 
 
 4
 We agree with the district court that substantial evidence supported the ALJ's specific reasons for discrediting Lockridge's pain testimony. See Smolen, 80 F.3d at 1283-84.
 
 
 5
 The ALJ properly discounted the testimony of Lockridge's wife that conflicted with available medical evidence. See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir.1984) (per curiam). Although the ALJ did not make specific findings to reject the remaining lay testimony of Lockridge's wife, see Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993) (holding that ALJ must give reasons "germane to each witness" to reject lay testimony), any error was harmless because substantial evidence supported the conclusion that Lockridge was capable of performing light work. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir.1993).
 
 
 6
 We agree with the district court that the ALJ's hypothetical question to the vocational expert included all limitations and impairments supported by substantial evidence. See Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir.1989). Accordingly, the district court's order is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997, and is substituted as the defendant-appellee pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's motion to waive oral argument is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3