Charlene A. GOLLEHON,
Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.

No. 01–35542.

D.C. No. CV–00–00085–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Nov. 19, 2002.

Before TROTT, T.G. NELSON, and THOMAS, Circuit Judges.

## MEMORANDUM *

Charlene Gollehon appeals the denial of her application for disability benefits. Because the facts are known to the parties, we do not recite them here. We affirm.

### I. Listing of Impairments Determination

■ Gollehon argues that the ALJ erred [1] in concluding that she did not meet the Listing of Impairments criteria for arthritis of a major weight-bearing joint.[2] The ALJ's decision was appropriate because Gollehon failed to show that she had all of the symptoms the Listing requires.[3]

To qualify for the Listing's presumption of disability, Gollehon had to show persistent joint pain and stiffness and markedly limited ability to walk.[4] The ALJ found that Gollehon achieved pain relief with over-the-counter medications and cortisone shots, that she was able to walk without an assistive device, and that she could complete her janitorial duties and housework by sitting down on occasion. Substantial evidence supported these findings.[5]

### II. ALJ's Decision to Discount Bonfilio's Opinion

■ Gollehon argues that the ALJ erred [6] in deciding to discount the opinion of her treating physician, Dr. Bonfilio. However, the ALJ examined the amount of work and activity that Gollehon performed on a daily basis and the conflicting medical opinions, and found that the limitations Bonfilio suggested did not reflect Gollehon's actual abilities. Substantial evidence, both from the medical records and from the testimony at the hearing, supports the ALJ's decision to vary the limitations Bonfilio suggested.

### III. Hypothetical Question Posed to the Vocational Expert

■ Gollehon argues that the ALJ improperly relied upon the vocational ex-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review a district court's order upholding the ALJ's denial of benefits *de novo. Moore v. Comm'r of the Soc. Sec. Admin.,* 278 F.3d 920, 924 (9th Cir.2002).

2. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.03(A) (1999).

3. *See Young v. Sullivan,* 911 F.2d 180, 183–84 (9th Cir.1990).

4. *See id.;* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.03(A).

5. *Moore,* 278 F.3d at 924.

6. The ALJ must normally give the opinions of treating physicians more weight than those of consulting physicians. *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir.1998). However, the ALJ must resolve any conflicts in the medical evidence and may discount the controverted opinion of a treating physician if the ALJ provides specific, legitimate reasons for rejecting the opinion that are supported by substantial evidence. *Magallanes v. Bowen,* 881 F.2d 747, 750–51 (9th Cir.1989); *Embrey v. Bowen,* 849 F.2d 418, 421 (9th Cir.1988).

pert's testimony because that testimony was based upon a hypothetical that did not accurately portray Gollehon's limitations.[7] However, the ALJ's hypothetical was proper: substantial evidence supported the limitations the ALJ included,[8] and the limitations that Gollehon argues should have been included would not have affected the vocational expert's conclusion that Gollehon could perform sedentary jobs.[9] Therefore, Gollehon cannot prevail on this claim.

## IV. *Denial of Disability Benefits*

■ Gollehon argues that the ALJ erred in denying her disability claim. Her argument fails because substantial evidence supported the ALJ's decision.[10] The ALJ based his decision upon appropriate factors: an assessment of Gollehon's credibility; a determination that her daily activities were inconsistent with her claimed disability; a determination that her course of treatment was inconsistent with disability; and an evaluation of the medical evidence and testimony.

All of these factors are appropriate considerations in a disability determination, and substantial evidence supported the ALJ's conclusions regarding all of these factors. First, the ALJ gave clear and convincing reasons for discounting Gollehon's testimony.[11] The ALJ discounted Gollehon's testimony because it was incon-sistent with her level of activity, her conservative medical treatment, and her ability to walk and stand without an assistive device.[12] Second, the ALJ found that Gollehon's daily activities were significant. Substantial evidence supported this determination because Gollehon was able to perform medium-level work as a janitor on a daily basis and was also able to do other activities, such as housework. Third, the ALJ relied upon Gollehon's conservative course of treatment and her failure to seek medical care to determine that she was not disabled.[13] Finally, the ALJ relied upon the medical opinions of Gollehon's treating and consulting doctors to conclude that she was not disabled.[14] Substantial evidence supported this determination because none of the doctors concluded that Gollehon was totally disabled. Even Bonfilio concluded that Gollehon could perform work that was consistent with sedentary work. Therefore, the ALJ's decision to deny Gollehon's application for disability benefits was appropriate.

AFFIRMED.

7. *See Embrey,* 849 F.2d at 422.

8. *See id.; see also supra* Part II.

9. *Cf. Matthews v. Shalala,* 10 F.3d 678, 681 (9th Cir.1993) (upholding an ALJ's determination that the claimant could perform past relevant work even when that decision was based upon a hypothetical that did not include a particular limitation because the limitation left out of the hypothetical was not relevant to deciding whether the claimant could perform his past work).

10. *Moore,* 278 F.3d at 924.

11. *See Reddick,* 157 F.3d at 722; *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996).

12. These reasons constitute clear and convincing reasons to discount a claimant's testimony. *See Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001); *Smolen,* 80 F.3d at 1284; *Matthews,* 10 F.3d at 679–80.

13. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995).

14. *See id.*