Terry L. PILSON, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 02–35463.

D.C. No. CV–01–06166–KI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2003.*

Decided Sept. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Tim D. Wilborn, Law Offices Of Tim Wilborn, Portland, OR, Etta L. Wilborn, Etta L. Wilborn, P.C., Tucson, AZ, for Plaintiff–Appellant.

Craig J. Casey, USPO–Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Terrye Erin Shea, Social Security Administration, Seattle, WA, for Defendant–Appellee.

Before ALDISERT,** GRABER, and GOULD, Circuit Judges.

## MEMORANDUM***

Terry L. Pilson appeals the district court's judgment affirming the denial of disability insurance benefits and supplemental social security income benefits. We reverse and remand for further proceedings.

1. In the vocational hypothetical, the administrative law judge ("ALJ") properly accounted for Pilson's lifting limitation and his "deficiencies of concentration, persistence or pace." However, the ALJ omitted without explanation a moderate limitation in Pilson's ability to "maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness."

"If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir.1993) (internal quotation marks omitted). When impairments or limitations are omitted from a hypothetical, a remand for reconsideration after further development of the record is appropriate. *See Andrews v. Shalala*, 53 F.3d 1035, 1043–44 (9th Cir.1995).

2. The ALJ properly accounted for Pilson's subjective complaints that he could not "hold down a steady job," "do things for himself," or sit or stand for long periods without painful ankle swelling. In the residual functional capacity determination and vocational hypothetical, the ALJ included a sit/stand alternation requirement and other limitations that adequately reflected the depression, asthma, and knee pain that were the underlying causes of these complaints.

3. The parties agree that two of the three jobs identified by the vocational expert were inconsistent with Pilson's limitation to perform sedentary work. However, because we reverse and remand for further testimony based on a vocational hypothetical that includes Pilson's moderate limitation in maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness, we do not reach Pilson's claim that the jobs identified in response to the *original* hypothetical do not constitute work existing in significant numbers in the national economy.

REVERSED AND REMANDED for further proceedings consistent with this disposition.

ALDISERT, Circuit Judge, dissenting.

Because I am of the view that the omissions in the vocational hypothetical are *de minimis*, I would affirm the judgment of the district court. Accordingly, I respectfully dissent.

** The Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.