**John P. DEWEY, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, United States of America, Defendant—Appellee.**

No. 03–35628.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2005.[*]

Decided Jan. 18, 2005.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Robert M. Kampfer, Esq., Attorney at Law, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, GOODWIN, and GRABER, Circuit Judges.

MEMORANDUM **

Claimant John P. Dewey appeals from the denial of supplemental security income benefits upon his fourth (1998) application. On de novo review of the denial of benefits, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999), we affirm.

■ 1. Substantial evidence supports the agency's finding that Claimant's condition changed and improved after the earlier (1995) grant of benefits. Drs. Walz, Davis, Astle, and Wood all found in later examinations that Claimant's neurological functioning, spine, and gait were not significantly impaired, whereas in 1995 Claimant's history of injury to the head, neck, back, and left leg had supported a disability finding. Dr. Wood, the treating physician, said that Claimant could lift 15 pounds, stand for four hours in an eight-hour day, and reach, push, pull, and handle objects with no difficulty. Also, Claimant stated in 1996 that he did not suffer pain from his past injury. Finally, Claimant's activities after 1996, including light work in prison and household and maintenance chores, support a finding of changed physical condition.

■ 2. Substantial evidence supports the agency's finding that Claimant's mental residual functional capacity improved after the previous finding of disability. Dr. Kuka, who reviewed Claimant's records and testified both times, found "some changes" including "less serious symptoms" at the time of the fourth application. Also, Claimant had stopped using various mind-affecting drugs.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

■ 3. The administrative law judge ("ALJ") provided specific and legitimate reasons for rejecting the conclusions of Drs. Johnson and Walz. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995) (stating standard for rejecting such conclusions). For example, the ALJ observed, among other things: Dr. Johnson saw Claimant only once, and his conclusions were not supported by other findings. Dr. Walz' ultimate opinion was undermined by his own findings, including the finding that Claimant's aggressive behavior had calmed and that, psychologically and socially, he seemed much improved.

■ 4. Substantial evidence supports the agency's ultimate findings that Claimant's impairments do not meet or equal any of the listings and that he retains the residual functional capacity to work. In this connection, the hypothetical questions asked of the vocational expert at the hearing adequately described all of Claimant's limitations. *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir.1993) (noting that a hypothetical to a vocational expert must describe all relevant restrictions). Indeed, Claimant does not specify what limitation he believes was not included.

■ 5. We review for abuse of discretion the district court's decision to deny Claimant's request to remand for consideration of Dr. English's late-supplied neuropsychological examination. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (stating standard of review). We find no abuse of discretion because the record fails to explain why the testing could not have taken place before the hearing or why, even though the testing occurred just two days after denial of the

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fourth application, the material could not have been included in the agency appeal.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.