**John NEGRETE, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.**

No. 04–16482.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2006.*

Filed June 20, 2006.

Dennis A. Cameron, Reno, NV, for Plaintiff–Appellant.

Greg Addington, Esq., Daniel G. Bogden, Esq., USRE—Office of the U.S. Attorney, Reno, NV, Liz Noteware, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,** District Judge.

MEMORANDUM ***

Claimant John Negrete appeals the decision of the district court, which affirmed a denial of his applications for disability insurance and Supplemental Security Income benefits. We affirm.

1. The administrative law judge ("ALJ") permissibly found Claimant not to be fully credible in testifying to the extent of his limitations. Three examining doctors (Dr. McEllistrem, Dr. Azra, and Dr. Simon) specifically found Claimant to be malingering, feigning, or exaggerating his symptoms, which is a valid reason for rejecting a claimant's testimony. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir.2004). Additionally, the ALJ permissibly relied on additional factors, such as a 10–month hiatus in treatment. *See Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1464 (9th Cir.1995) (holding that an ALJ is entitled to draw a negative inference from a lack of medical care for a significant period).

2. Substantial evidence supports the ALJ's rejection of the opinion of Claimant's treating physicians. First, Dr. Atcheson's conclusions are in the form of a checklist, and the treating notes do not provide "objective medical evidence of the limitations asserted." *Batson,* 359 F.3d at 1195 n. 3. Second, the treating doctors' assessment of disability is undermined by the findings of several examining doctors, including Dr. Hershewe (reporting normal

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

results of a neurological examination), Dr. McEllistrem (finding that Claimant did not suffer from severe mental impairments that would render him unable to work), Dr. Young (stating that most areas of cognition were within the average or low average range), and Dr. Simon (concluding that Claimant could perform medium-level work). These reasons suffice to reject the treating doctors' opinion. *Connett v. Barnhart,* 340 F.3d 871, 874–75 (9th Cir. 2003).

3. The ALJ did not err by failing to call a vocational expert because Claimant failed to carry his burden to prove, at step four of the sequential analysis, that he could not perform his past relevant work. *Matthews v. Shalala,* 10 F.3d 678, 681 (9th Cir.1993). The ALJ permissibly relied on Claimant's own description of his work duties as a resident counselor and retail assistant manager in concluding that he could perform those jobs even with his impairments. *See id.* (holding that an ALJ could rely on the claimant's testimony about a prior position in determining its requirements).

AFFIRMED.