**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LISA MCGEE, o/b/o DARRIN J. MCGEE (deceased),<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant - Appellee. | No. 09-35253<br><br>D.C. No. 3:08-cv-05237-RBL<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 5, 2010 [**]
Seattle, Washington

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

Appellant Lisa McGee (Ms. McGee), on behalf of her deceased spouse

Darrin McGee (McGee), challenges the district court's judgment upholding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellee Commissioner of Social Security's (Commissioner) determination that McGee was not disabled.

**1.** Any error made by the Administrative Law Judge (ALJ) in omitting chronic pain, chronic fatigue, and anemia from the list of McGee's impairments was harmless because the ALJ considered those limitations when determining McGee's Residual Functional Capacity (RFC). *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007), *as amended.* The record establishes that the ALJ reviewed all the evidence before him in considering McGee's functional limitations.

**2.** The ALJ did not err in determining that McGee's kidney and cardiac conditions were non-severe, or in its consideration of any limitations caused by these impairments. The ALJ considered all relevant evidence regarding McGee's kidney and cardiac conditions, and "the medical record does not establish any work-related limitations as a result of [these] impairments." *Carmickle v. Commr, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (citation omitted).

**3.** The ALJ provided clear and convincing reasons for discounting McGee's subjective testimony regarding his symptoms and limitations. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

**4.** Contrary to McGee's assertion, the ALJ did not improperly weigh the medical evidence because "substantial evidence supports the finding that [McGee], although physically [and mentally] impaired, [was] not disabled . . ." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). The ALJ extensively discussed and considered the medical evaluations in the record. He either considered the medical evaluations as evidence establishing McGee's impairments, or discussed how these evaluations weighed against a disability finding. Importantly, none of the physicians who examined McGee "expressed the opinion that [McGee] was totally disabled" or that he could not return to work. *Id*. The ALJ also properly discounted Dr. Ramsthel's opinion by providing "specific and legitimate reasons that are supported by substantial evidence in the record," namely that Dr. Ramsthel's opinion was founded on McGee's subjective complaints. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996), *as amended* (citation omitted).

**5.** The ALJ did not err in discounting Mr. Spafford's evaluation. As a licensed clinical social worker, Mr. Spafford is not considered an "acceptable medical source." *See* 20 C.F.R. § 404.1513(a); 20 C.F.R. § 416.913(a). Therefore, the ALJ was entitled to discount the weight accorded to Mr. Spafford's opinion. *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). The ALJ concluded that McGee's level of activity was inconsistent with Mr. Spafford's opinion. This alone was an appropriate basis for discounting Mr. Spafford's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

**6.** The ALJ did not improperly assess the lay witness evidence. He considered all the lay testimony, and weighed it in light of the other evidence in the record.

**7.** The ALJ did not err in determining McGee's RFC. He "took into account those limitations for which there was record support that did not depend on [McGee's] subjective complaints." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ's RFC determination was supported by substantial evidence in the record. *See id.*

4

**8.** The ALJ did not pose an improper hypothetical to the vocational expert. The hypothetical "only include[d] those limitations supported by substantial evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) (citation omitted).

**AFFIRMED.**