William E. MATTHEWS,
Plaintiff–Appellant,

v.

Donna E. SHALALA,* Secretary of Health and Human Services, Defendant–Appellee.

No. 91–16768.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 3, 1993 **.

Decided Dec. 1, 1993.

---

* Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services, Fed.R.App.P. 43(c)(1).

** The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Mark H. Lipton, Lipton & Lipton, San Ramon, CA, for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Counsel, San Francisco, CA, for defendant-appellee.

Before: D.W. NELSON and NORRIS, Circuit Judges; and TANNER, Senior District Judge.***

D.W. NELSON, Circuit Judge:

William Matthews ("Matthews") brought suit against the Secretary of the Department of Health and Human Services ("Secretary") to recover Social Security disability insurance benefits for a work-related back injury. The district court granted summary judgment for the Secretary. We affirm.

### Factual and Procedural Background

William Matthews injured his back while working as a mailroom clerk for the Peterbilt Motors Company on February 28, 1984. Matthews continued to work until he underwent back surgery on October 22, 1986, and returned to work in January 1987. Matthews stopped working soon after he consulted his treating physician on September 1, 1988, complaining of recurrent low back and right leg pain. Matthews had been employed at Peterbilt Motors for 37 years. He worked as a mail room coordinator, printing press operator, receiving clerk/inspector, and used truck salesman as well as in several other clerical positions.

On January 18, 1989, Matthews filed an application for disability insurance benefits as of September 8, 1988. The disability application and requests for reconsideration were both denied. An administrative law judge ("ALJ") found that Matthews, although physically impaired, was not disabled,

and retained the ability to perform a narrow range of medium work precluding repetitive bending and stooping and staying in one position. Despite these limitations, a vocational expert testified that Matthews could return to his former work as a receiving clerk/inspector and had skills transferable to work as a car or light truck salesman. After the Appeals Council upheld the ALJ's decision, Matthews brought suit pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the Secretary's decision. The district court granted the Secretary's cross-motion for summary judgment, and Matthews timely appealed.

### Jurisdiction/Standard of Review

We have jurisdiction under 28 U.S.C. § 1291 and review a district court's order upholding the Secretary's denial of benefits de novo. *Tylitzki v. Shalala,* 999 F.2d 1411, 1413 (9th Cir.1993). We must affirm the Secretary's decision if it is supported by substantial evidence. Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion. *Ibid.*

### Analysis

A. *Matthews' Pain*

"We require specific findings when an ALJ rejects a claimant's subjective allegation of pain." *Miller v. Heckler,* 770 F.2d 845, 848 (9th Cir.1985). The ALJ made the following statements to support his findings:

> I note that the claimant is under no current treatment for his condition save for chiropractic treatment and since 1988, has described minimal use of pain medications to control his symptoms. As the claimant told Dr. Strassberg in June 1989, his back pain has actually decreased since surgery; it does not interfere with his sleep and does not preclude his performance of housecleaning, light gardening[,] and shopping. At the hearing, the claimant testi-

***The Honorable Jack E. Tanner, United States Senior District Judge for the Western District of Washington, sitting by designation.

fied that he continues to do housecleaning including vacuuming and dishwashing. Such activities and the lack of any other steps being taken by the claimant to relieve his pain undermines [sic] his assertion of disabling pain. Finally, I note that the claimant is attending school three days a week, an activity which is inconsistent with an alleged inability to perform all work.

Dr. Strassberg, a neurologist who examined Matthews on June 14, 1989, stated in his report that Matthews' "sensory symptoms appear to be somewhat less severe than he presents" and that his pain, "though truly present, may be mildly amplified by him." In light of Dr. Strassberg's report, from which much of the ALJ's findings were drawn, the ALJ's findings are supported by substantial evidence.

### B. *Matthews' Back Impairment*

■ We also agree with the district court that substantial evidence supports the finding that Matthews, although physically impaired, is not disabled and can perform a narrow range of medium work. None of the doctors who examined Matthews expressed the opinion that he was totally disabled. Dr. Abramson, Matthews' treating physician, found no motor weakness and negative straight leg raising in September 1988. On September 26, 1988, Dr. Abramson certified that Matthews would be able to return to his regular work by November 15, 1988. After examining Matthews on January 18, 1990, Dr. Abramson was unable to elicit any significant neurological findings. Moreover, Dr. Abramson never retracted his certification that Matthews could return to work, nor did he state that Matthews could not work.

Two other doctors, Dr. Strassberg and Dr. Espinas, examined Matthews during the summer of 1989. Both doctors found a full range of motion of the spine and no muscle weakness. Neither doctor found any disabling injury that would preclude Matthews from performing a narrow range of medium work. In fact, Dr. Strassberg did not consid-

er Matthews to be a candidate for additional back surgery because of his improvements. Although both doctors made a specific recommendation that Matthews should be precluded from heavy lifting and repetitive bending,[1] neither one implied that Matthews was precluded from *all* work activity.

■ Matthews argues that these limitations or impairments are equivalent to or indicate disability. We disagree. The mere existence of an impairment is insufficient proof of a disability. *See Sample v. Schweiker,* 694 F.2d 639, 642–43 (9th Cir.1982). "A claimant bears the burden of proving that an impairment is disabling." *Miller,* 770 F.2d at 849. The applicant must show that he is precluded from engaging in not only his "previous work," but also from performing "any other kind of substantial gainful work" due to such impairment. 42 U.S.C. § 423(d)(1)(A).

Matthews has failed to carry this burden. Moreover, contrary to Matthews' allegations, the ALJ did not summarily dismiss Matthews' pain complaints but instead carefully considered them. It was *because* of the pain complaints that the ALJ made the finding that Matthews could not perform repetitive bending and stooping and staying in one position. The ALJ simply discounted Matthews' assertions that the back impairment precluded all substantial gainful activity, as his "well-settled role as the judge of credibility" dictates. *Schweiker,* 694 F.2d at 642.

### C. *Treating Physician's Opinion*

"The administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so." *Montijo v. Secretary of Health and Human Services,* 729 F.2d 599, 601 (9th Cir.1984). Relying on *Montijo,* Matthews argues that the Secretary erred by failing to enunciate specific, legitimate reasons for *rejecting* the opinion of the treating physician. However, the treating physician never con-

---

1. Dr. Espinas also stated that Matthews should not stay in one position. The ALJ included this limitation in his findings even though no other physician, including his treating physician, made this determination.

cluded that Matthews was disabled. Dr. Abramson's certification that Matthews, despite his back pain, could resume his regular work as of November 11, 1988, undercuts this argument.

### D. *Vocational Expert*

■ If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the "expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *DeLorme v. Sullivan,* 924 F.2d 841, 850 (9th Cir.1991).

■ Relying on *DeLorme* and *Embrey v. Bowen,* 849 F.2d 418 (9th Cir.1988), Matthews argues that the ALJ erred by improperly excluding from the vocational expert's consideration a hypothetical including the staying in one position limitation. Both cases are distinguishable from the instant case. In *DeLorme,* the disputed hypothetical failed to include the claimant's mental impairment, "which may prove a *significant* limitation when the record is developed." 924 F.2d at 850 (emphasis added). In the instant case, the staying in one position limitation was *not relevant* in deciding whether Matthews could perform his past work as a receiving clerk/inspector. By the time the ALJ questioned the vocational expert, Matthews had already testified that the receiving clerk/inspector job required a combination of sitting and standing.[2]

"If a claimant shows that he or she cannot return to his or her previous job, the burden of proof shifts to the Secretary to show that the claimant can do other kinds of work. Without *other reliable evidence* of a claimant's ability to perform specific jobs, the Secretary must use a vocational expert to meet that burden." *Embrey,* 849 F.2d at 422 (citations omitted) (emphasis added). In *De-Lorme,* the burden of proof had already shifted to the Secretary. 924 F.2d at 850. In the instant case, since Matthews failed to show that he was unable to return to his previous job as a receiving clerk/inspector,

the burden of proof remained with Matthews. The vocational expert's testimony was thus useful, but not required.

In *Embrey,* the record supported only the claimant's numerous limitations rather than his ability to perform specific jobs. *Id.* at 423. In the instant case, however, we think that other reliable evidence existed in support of the ALJ's findings. First, Matthews' own testimony that the receiving clerk/inspector position required a combination of both sitting and standing is highly probative. Second, the ALJ, relying on medical evidence, found Matthews' pain complaints to be not credible. Although Matthews argues that the ALJ ignored the staying in one position limitation in deciding whether he could return to work, we think it more likely that the ALJ, having considered this limitation, dismissed its applicability to the receiving clerk/inspector work after considering the other evidence. Whether or not the ALJ erred in not including all of Matthews' limitations in a hypothetical is thus irrelevant given the other reliable evidence. Any error would have been harmless. *See Curry v. Sullivan,* 925 F.2d 1127, 1129 (9th Cir.1990).

### Conclusion

Matthews has failed to show that the district court erred in granting summary judgment for the appellee. Therefore, the district court's grant of summary judgment in favor of the Secretary is affirmed.

**AFFIRMED.**

---

2. Matthews repeatedly argues that prolonged standing is no different than staying in one position. Assuming this is true, Matthews' description of the receiving clerk/inspector work as re-

quiring a *combination* of sitting and standing is *inconsistent* with the staying in one position limitation.