39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victoria CHAVEZ, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-17222.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victoria Chavez appeals pro se the district court's grant of summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). The magistrate judge found that substantial evidence supported the Secretary's conclusion that Chavez was not disabled and, therefore, not entitled to Title II disability insurance benefits or Title XVI supplemental security income ("SSI") benefits. Chavez contends that she is disabled due to "surgery on her left foot for bunions." We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's decision granting the Secretary's motion for summary judgment. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). "We must affirm the Secretary's decision if it is supported by substantial evidence. Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id.
 
 
 4
 Chavez applied for disability insurance and SSI benefits on 5 June 1991, alleging a disability since 15 May 1991 due to "surgery on her left foot for bunions". At the time of her application, Chavez was twenty nine years old and had completed the twelfth grade. It was determined that Chavez's condition did not prevent her from working; therefore, disability and SSI benefits were denied. Chavez's requests for reconsideration were denied. Chavez requested a hearing. On 17 June 1992, an Administrative Law Judge ("ALJ") held a hearing. The ALJ determined that Chavez had not engaged in substantial gainful activity since 15 May 1991. Considering Chavez's medical records and her subjective complaints of pain, the ALJ found that Chavez "[did] not have an impairment or combination of impairments." The ALJ, therefore, determined that Chavez was not entitled to disability insurance or SSI benefits. On 7 December 1992, Chavez filed the instant action in district court. Both parties consented to have the matter tried by Magistrate Judge John F. Moulds. Concluding that the ALJ's findings were supported by the record, the magistrate judge granted summary judgment for the Secretary.
 
 
 5
 While it is unclear, Chavez appears to contend that the magistrate judge erred by affirming the Secretary's finding that Chavez did not have a medically severe impairment or combination of impairments. This contention lacks merit.
 
 
 6
 "In order to qualify for disability benefits, a claimant must establish that [she] is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir.1993) (quotation omitted); accord 42 U.S.C. Sec. 423(d)(1)(A). The Secretary has established a five-step sequential evaluation process for determining whether a person is disabled. See 20 C.F.R. Secs. 404.1520, 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). If it can be determined that a claimant is not disabled at any point in the five-step process, a finding of not disabled is made and the review is ended. Yuckert, 482 U.S. at 140-42; Matney, 981 F.2d at 1019; see also 20 C.F.R. Secs. 404.1520, 416.920. At step two, a claimant must demonstrate that she has a medically severe impairment or combination of impairments. See 20 C.F.R. Secs. 404.1520(c), 416.920(c); see also Yuckert, 482 U.S. at 140-41. If a claimant does not have a severe impairment or combination of impairments, the disability claim is denied. See 20 C.F.R. Secs. 404.1520(c), 416.920(c); Yuckert, 482 U.S. at 141.
 
 
 7
 Chavez's medical records indicated that she had a history of bilateral bunions for at least ten years. On 18 January 1990, Chavez was evaluated by Neal Schoen, D.P.M., who diagnosed Chavez with bilateral bunion deformities. Dr. Schoen indicated that Chavez's medical problems could be alleviated by either surgery or a functional foot orthotic. Chavez indicated her preference for surgery. Although surgical records were not presented to the ALJ, Chavez apparently underwent a left bunionectomy on 2 March 1990.
 
 
 8
 On 27 August 1990, Chavez was seen by Dr. Schoen. Upon examination of her left foot, Dr. Schoen found that the left bunionectomy was successful. Dr. Schoen also noted a similar deformity in Chavez's right foot. While Dr. Schoen stated that a right bunionectomy would be a "good surgical choice," he noted that because Chavez was asymptomatic with the use of functional foot orthotics, he suggested postponing surgery. On 21 September 1990, after a subsequent evaluation, Dr. Schoen noted that Chavez's feet were asymptomatic and that she had "no limitations of activity." Thus, there is substantial evidence to support the Secretary's decision that Chavez was not disabled. See Matthews, 10 F.3d at 679.
 
 
 9
 To the extent that Chavez contends that the ALJ did not give sufficient weight to her testimony regarding her foot and back pain, we conclude that the ALJ treated her testimony properly. When evaluating a claimant's testimony of pain, an adjudicator may discredit such testimony only by making specific findings that are supported by the record. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (en banc). An ALJ, however, may not discredit a claimant's testimony of pain "solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Id. at 346-47. Here, the ALJ did not reject Chavez's allegations of pain. Instead, the ALJ found that even considering Chavez's allegations of pain, she was not disabled. The ALJ made specific findings regarding the nature and intensity of Chavez's alleged pain. Because this finding is supported by the record, we conclude that the ALJ properly treated Chavez's testimony. See id.
 
 
 10
 Accordingly, because Chavez has failed to demonstrate that she is unable to engage in substantial gainful activity due to a medically determinable physical impairment, see Penny, 2 F.3d at 956, the district court properly granted summary judgment in favor of the Secretary, see Matthews, 10 F.3d at 679.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3