114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christine TEMPLE, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-55024.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.**
Decided May 29, 1997.
 
 1
 Before: RYMER and THOMAS, Circuit Judges; PANNER, District Judge.***
 
 
 2
 MEMORANDUM****
 
 
 3
 Christine Temple appeals the district court's affirmance of a decision by the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance and supplemental security income benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 We review de novo the district court's summary judgment affirming the Commissioner's denial of benefits. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). The Commissioner's decision must be upheld, however, if it is supported by substantial evidence and is free of legal error. Id. Substantial evidence is "more than a mere scintilla," but "less than a preponderance." Id.
 
 
 5
 Temple raises three arguments on appeal. First, she contends that the Administrative Law Judge (ALJ) posed an inadequate hypothetical question to the vocational expert (VE). Plaintiff contends that the ALJ's use of "stand/sit option" instead of the specific limitations noted by an examining physician, and the use of "low stress" job environment with "simple, routine, and repetitive" tasks instead of her specific psychological profile, did not adequately convey her limitations to the VE, rendering the VE's testimony incredible. We disagree.
 
 
 6
 A VE's testimony has no evidentiary value if the hypothetical does not reflect all impairments supported by the record. Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir.1993). In this circuit, the ALJ must present a "detailed" hypothetical. Desrosiers v. Secretary, 846 F.2d 573, 578 (9th Cir.1988) (depiction of claimant's disability must be "accurate, detailed, and supported by the medical record.") (Pregerson, J. concurring). Here, there is no question that the hypothetical as a whole was accurate and supported by the medical record. Although there was room for more detail, this case is distinguishable from those where the ALJ completely omits all references to an impairment. See, e.g., Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir.1988) (claimant's back and chest pain, dizziness and blurred vision, and need to rest periodically omitted). We conclude that here, the ALJ's hypothetical properly identified Temple's impairments and contained sufficient detail to communicate her limitations to the VE, allowing the VE to identify jobs that Temple could perform.
 
 
 7
 Temple next argues that the ALJ's decision lacked evidentiary support because the VE's testimony regarding jobs Temple could perform contradicted the difficulty level of those jobs as stated in the Dictionary of Occupational Titles (DOT). We reject this argument.
 
 
 8
 The DOT raises rebuttable job classification presumptions. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995). "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." Id.
 
 
 9
 Two of the three jobs identified by the VE, laundry folder and garment ticketer, involve a reasoning level of two, requiring the application of "commonsense understanding to carry out detailed but uninvolved written or oral instructions." Dictionary of Occupational Titles 1011 (4th ed. 1991). The third, produce sorter, involves a reasoning level of one, requiring the application of "commonsense understanding to carry out simple one- or two-step instructions." Id.
 
 
 10
 Work that requires "commonsense understanding" is simple. Work that requires "uninvolved written or oral instructions" is simple and routine. Furthermore, even if the VE's testimony regarding the laundry folder and garment ticketer jobs contradicted the DOT classifications without sufficient supporting evidence, the error is harmless because the produce sorter job requires a reasoning level of one, which Temple herself concedes is consistent with a low-stress job requiring simple, routine, and repetitive tasks.
 
 
 11
 Finally, Temple maintains that the ALJ improperly rejected the uncontroverted opinions of examining psychiatrist Dr. John Aliapoulios and of non-examining physician Dr. Edward O'Malley. Temple argues that because Dr. Aliapoulios ranked her as "50" on a Global Assessment of Functioning (GAF) scale, he impliedly determined that she is unable to keep a job or to perform one on a sustained basis. Temple also contends that because Dr. O'Malley found her to have moderate limitations in maintaining social functioning, he impliedly found that she is incapable of dealing with co-workers, supervisors, and the general public. Thus, Temple asserts that by failing to incorporate these implied conclusions in his findings, the ALJ improperly rejected uncontroverted medical opinions.
 
 
 12
 The record shows that neither Dr. Aliapoulios nor Dr. O'Malley made these implied findings. Although Dr. Aliapoulios rated her GAF as "50," he also found that she could focus her attention, follow simple oral or written instructions, was capable of adapting to stressors common to the work environment, and had no difficulty making her own decisions. Although Dr. O'Malley found plaintiff to have moderate limitations in maintaining social functioning involving the general public, he also found her mentally intact, capable of performing simple, repetitive tasks, seldom having deficiencies in concentration or pace, and her activities of daily living restricted only in relation to her physical capabilities. He specifically noted that she was "not significantly limited" in her abilities (1) to carry out short and simple instructions; (2) to accept instruction and respond appropriately to criticism from supervisors; and (3) to get along with co-workers and supervisors.
 
 
 13
 The record does not support plaintiff's assertions that Dr. Aliapoulios found her unable to keep a job or to perform one on a sustained basis, or that Dr. O'Malley found her to be incapable of dealing with co-workers and supervisors. The ALJ did not improperly reject these physicians' medical opinions.
 
 
 14
 AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is automatically substituted for his predecessor, Shirley S. Chater, Commissioner, Social Security Administration, pursuant to Fed.R.App.P. 43(c)
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * Honorable Owen M. Panner, Senior Judge, United States District Court for the District of Oregon, sitting by designation
 
 
 **
 ** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3