Graig **RIPLEY**, Plaintiff—Appellant,

v.

Jo Anne B. **BARNHART**, Commissioner of Social Security, Defendant—Appellee.

No. 02–36144.

D.C. No. CV–02–05104–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2004.

Decided March 16, 2004.

Elie Halpern, Elie Halpern & Associates, PS, Olympia, WA, Eric Schnaufer, Attorney at Law, Evanston, IL, for Plaintiff–Appellant.

Kristin B. Johnson, Stephanie Martz, Assistant Regional Counsel, Office of the General Counsel, Brian C. Kipnis, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM *

Craig Ripley appeals the district court's judgment affirming the decision of the administrative law judge (ALJ) that he was not disabled within the meaning of the Social Security Act, and therefore not entitled to disability insurance benefits. We affirm.

Substantial evidence supports the ALJ's finding that Ripley is able to work as a semi-conductor bonder, a job existing in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

significant numbers in the national and regional economy. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464–65 (9th Cir.1995); 20 C.F.R. § 404.1566(b).

Taken as a whole, the record establishes that the ALJ found that Ripley could work an eight-hour day. *See Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir.1999). The record also establishes, consistent with Social Security Rulings 96–8P and 96–9P, that the ALJ and vocational expert understood the ALJ's hypothetical to mean work in an eight-hour day. Any error in stating Ripley's cognitive limitation was harmless because his limitations were adequately accounted for in the job recommended by the vocational expert.

The ALJ's rejection of Dr. Harris's opinion as to Ripley's inability to work was supported by adequate findings and by substantial evidence of the opinion of other experts, including treating physicians. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148–49 (9th Cir.2001); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–01 (9th Cir.1999); *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir.1993).

Finally, we decline to consider Ripley's argument that the ALJ erred by failing to note to the vocational expert that a claimant who cannot stoop, and who is restricted to sedentary, unskilled work, is "usually" disabled, as the argument was not raised in the district court and no exceptional circumstances indicate that we should. *See Copeland v. Bowen*, 861 F.2d 536, 540 (9th Cir.1988).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).