FILED

DEC 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CYNTHIA D. BROWN,

                Plaintiff - Appellant,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

             Defendant - Appellee.

No. 09-17076

D.C. No. 2:08-CV-00901-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted December 6, 2010[**]
San Francisco, California

Before: HUG, D.W. NELSON, MCKEOWN, Circuit Judges.

Cynthia Brown appeals the district court's order denying her request to

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

vacate the Social Security Administration's decision that she is not eligible for disability benefits. We affirm.

We review district court decisions upholding the denial of benefits de novo. *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995) (citing *Matthews v. Shalala*, 10 F.3d 678, 679 (9th Cir. 1993)). However, we may overturn an Administrative Law Judge's ("ALJ") denial of benefits "'only if it is not supported by substantial evidence or is based on legal error.'" *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is "more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (quotations omitted). Thus, we must uphold the ALJ even when "evidence exists to support more than one rational interpretation," as long as the ALJ's interpretation is "supported by inferences reasonably drawn from the record." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The ALJ did not err at step three in the disability analysis when he determined that Ms. Brown does not have a presumptively disabling impairment under Listing 12.04 of 20 C.F.R. Pt. 404, Subpt. P, App. 1. In order to be

presumptively disabled under the Listings, a claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original) (citing 20 C.F.R. § 416.926(a) (1989)). Listing 12.04, which pertains to affective disorders, provides that "[t]he required level of severity . . . is met when the requirements in both [subsections] A and B are satisfied, or when the requirements in [subsection] C are satisfied."[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1. Here, the ALJ properly examined the requirements of subsections B and C, and concluded that Ms. Brown did not meet their criteria. ER 97a-104a. The ALJ considered Ms. Brown's subjective claims regarding her condition, medical evidence submitted by numerous examining and treating physicians, and a third party report filed by Ms. Brown's sister. While Ms. Brown points to evidence in her favor on this issue, we conclude that there was sufficient contrary evidence in the record for the ALJ to reach the opposite conclusion. See ER 05a-06a.

The ALJ did not err in his determination that Ms. Brown's testimony was

---

[1] Section A describes relevant symptoms (*e.g.*, appetite disturbance, sleep disturbance, decreased energy, etc.); Section B describes the required effects of those symptoms (*e.g.*, "[m]arked restriction of activities of daily living," "[m]arked difficulties in maintaining social functioning," etc.); and Section C describes the criteria for determining whether the claimant has a qualifying "chronic affective disorder." 20 C.F.R. Pt. 404, Subpt. P, App. 1.

not wholly credible. An ALJ is permitted to reject a claimant's testimony based on credibility, but must do so with specific findings supporting the conclusion. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). Where, as here, there is "affirmative evidence suggesting . . . malingering" in the record, *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996), the ALJ's reasons for rejecting the claimant's testimony need not reach the clear and convincing standard. *Id.*; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted). In this case, we agree with the district court that the ALJ provided specific reasons for his credibility determination, including Ms. Brown's vague, unresponsive testimony and inconsistencies in her statements to treating and examining doctors. *See* ER 09a, 104a; *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (an ALJ may base an adverse credibility determination on "ordinary techniques of credibility evaluation," "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and "the claimant's daily activities") (quoting *Smolen*, 80 F.3d at 1284). We conclude that the ALJ's credibility determination was supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (upholding an adverse credibility finding in part due to a claimant's inconsistent statements to her

4

doctors).

The ALJ did not err in his consideration of the third party report filed by Ms. Brown's sister, Cornelia Williams. "While an ALJ must take into account lay witness testimony about a claimant's symptoms, the ALJ may discount that testimony by providing 'reasons that are germane to each witness.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Here, the ALJ stated specifically that he considered Ms. Williams's report, but that he did not accept her contentions to the extent that they contradicted objective evidence in the record. ER 104a. The ALJ noted further that her statements did not establish a complete inability to work. We conclude that the ALJ properly weighed Ms. Williams's report in light of the evidence in the record. *See Bayliss*, 427 F.3d at 1218 (noting that "[i]nconsistency with medical evidence" is one "germane" reason for rejecting lay witness testimony).

Finally, the ALJ did not err in concluding that Ms. Brown has the residual functional capacity to work. A determination of residual functional capacity "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Soc. Sec. Ruling 96-8p, available at http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-08-di-01.html; *see* 20 C.F.R. § 416.945 (defining residual functional capacity as "the

most you can still do despite your limitations"); *see also Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998).

In making his determination, the ALJ properly weighed the medical evidence available to him. The ALJ was required to weigh and evaluate the medical evidence in the record, but not to accept all or none of an expert witness's opinion. *See Magallanes*, 881 F.2d at 753. While the treating physician's opinion is typically accorded controlling weight if it is uncontradicted, *see Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001), in this case, there was substantial conflicting evidence in the record supplied by other medical opinions. ER 99a-103a. Moreover, the ALJ can reject a treating physician's opinion if it is "brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citations omitted). Here, we agree with the district court and the ALJ that the treating physician's opinion failed to "identify objective medical evidence on which it is based." ER 07a. Therefore, the ALJ did not err in relying on the opinions of other physicians and objective medical evidence in concluding that Ms. Brown could perform certain kinds of work and might have been malingering with respect to at least some of her symptoms. *See Thomas*, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may [] serve as substantial evidence when the opinions

6

are consistent with independent clinical findings or other evidence in the record.").

In light of the evidence in the record, the ALJ's findings were supported by substantial evidence. Reasonable people could disagree about Ms. Brown's disability status based on this record. However, "[w]hen evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (citations omitted). Therefore, we are obliged to follow the ALJ's determination.

**AFFIRMED**.