NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN GARCIA,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant - Appellee. | No. 11-16072<br><br>D.C. No. 1:09-cv-01629-SKO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Submitted November 7, 2012[**]
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and DUFFY, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Appellant Juan Garcia appeals the district court's affirmance of the Social Security Commissioner's denial of his application for disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia claims the ALJ improperly discounted his testimony. Because Garcia "produc[ed] objective medical evidence of underlying impairment," the ALJ could reject Garcia's "testimony about severity of symptoms [only] with specific findings stating clear and convincing reasons for doing so." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (internal quotations omitted). The ALJ provided several such reasons, including conflicts between Garcia's testimony and that of his wife and his doctor. We defer to the ALJ's credibility determination "where, as here, the evidence reasonably supports the ALJ's decision." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

The ALJ properly rejected Dr. Helland's opinion because it was conclusory, "did not have supportive objective evidence, was contradicted by other statements and assessments of [Garcia's] medical condition, and was based on [Garcia's] subjective descriptions of pain." *Batson*, 359 F.3d at 1195. The ALJ also did not err in giving little weight to Dr. Buckenberger's opinion that Garcia "cannot work full time" because such a conclusion is reserved to the Commissioner.

20 C.F.R. § 404.1527(d); *see Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

After determining that Dr. Buckenberger's opinion "invade[d] ultimate conclusions that are reserved to the Social Security Administration," the ALJ was not required to further develop the record. Such a determination "does not by itself trigger a duty to contact the physician for more explanation." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). That duty would be triggered by "ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence," neither of which was present here. *Tonapetyan*, 242 F.3d at 1150.

Garcia also claims that the ALJ did not properly consider the effect of his obesity in combination with his other impairments, but Garcia did not provide "any evidence of functional limitations due to obesity which would have impacted the ALJ's analysis." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Garcia relies on *Celaya v. Halter*, where the ALJ completely failed to consider obesity, "even implicitly." 332 F.3d 1177, 1182 (9th Cir. 2003). By contrast, here the ALJ recognized Garcia's obesity as a severe impairment. When assessing Garcia's residual functional capacity ("RFC"), the ALJ considered his obesity and relied on functional limits suggested by doctors who recognized it.

Garcia's complaint that his RFC inadequately incorporated his lumbar spine degenerative disc disease and history of osteotomy surgery on the right ankle with residual scar tissue is similarly unavailing. As with his obesity, Garcia has not provided any acceptable objective medical opinion that these impairments limit his function more severely than as assessed by the ALJ. Nor has he shown that the alleged error affected the ALJ's disability finding.

The ALJ's hypothetical to the vocational expert ("VE") did not include restrictions on standing and sitting in Garcia's RFC. As a result, the ALJ's finding that Garcia could perform past relevant work was not supported by substantial evidence. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Similarly, the VE's testimony had "no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). But the ALJ based his finding that Garcia could perform jobs that existed in significant numbers in the national economy on both the VE's testimony and the SSA Medical-Vocational Guidelines, Rule 202.21, Table No. 2, 20 C.F.R. § 404, Subpart P, Appendix 2. Because Garcia's "specific vocational profile is listed in a rule contained in appendix 2," the ALJ was correct to "apply that rule to decide whether [Garcia was] disabled," 20 C.F.R. § 404.1569a(b), and to conclude

4

that he was not disabled.  The ALJ's determination was supported by substantial evidence, and the error on the incomplete hypothetical was harmless.

**AFFIRMED.**