
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

PAMELA LUNDELL,

        Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN,[*]
Acting Commissioner of Social Security,

        Defendant - Appellee.

No. 11-17603

D.C. No. 1:09-cv-01673-JLT

MEMORANDUM[**]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted November 7, 2013[***]
San Francisco, California

---

[*]      Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for her predecessor, Michael J. Astrue, Commissioner of Social Security, pursuant to Fed. R. App. P. 43(c)(2).

[**]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, GILMAN,[****] and RAWLINSON, Circuit Judges.

Pamela Lundell appeals from the denial of her application for Social Security disability insurance benefits (DIB). She contends that the administrative law judge (ALJ) and the district court erred by (1) finding that her lupus and depression did not constitute severe impairments, (2) discounting the opinion of her treating physician, (3) misevaluating her hearing testimony and the third-party statement from her sister-in-law, and (4) improperly assessing the vocational evidence. Finding no error, we affirm the judgment of the district court.

Lundell applied for DIB in January 2005. After initial denials by the Social Security Administration, an ALJ conducted a hearing in January 2007. Testifying at the hearing were Lundell on her own behalf and George Meyers, a vocational expert, on behalf of the Commissioner of Social Security. Lundell testified that she was diagnosed with lupus in January 2005. She explained that lupus causes her to experience significant joint pain, fatigue, headaches, and skin lesions. Lupus also allegedly prevents Lundell from sitting for more than "15 or 20 minutes, if that, maybe ten" and from working more than two hours at a time. Lundell further testified that she suffers from depression, and that the prescription drugs she takes—including

[****] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

an antidepressant and an antirheumatic drug—negatively affect her short-term memory and concentration.

Meyers testified after Lundell. The ALJ posed the following hypothetical question to Meyers:

> If we assume a person [of] the same age, education, and work experience as the claimant, and if we then assume as is set forth in Exhibit 10F that the person could occasionally lift 20 pounds, frequently ten; stand at least two hours in an eight-hour day; . . . only occasionally climb ramps or stairs; occasionally stoop, kneel, crouch, and crawl; but can never climb . . . ropes or scaffolds. Let's see. Would such a person be able to perform any of the claimant's past relevant work?

Meyers answered in the affirmative, explaining that Lundell could "perform the office manager position."

Following the hearing, the ALJ denied Lundell's claim for DIB. The ALJ concluded, among other things, that Lundell's lupus and depression did not constitute severe impairments. In so concluding, the ALJ noted that no objective findings supported Lundell's claim regarding the alleged severity of her lupus condition. This conclusion is supported by substantial evidence. Despite the ALJ's erroneous statement that there are no references to lupus in Lundell's post-2005 medical records, the "mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Of particular significance is the fact that Dr. Iyer, Lundell's treating physician, never connected lupus to Lundell's

3

health-related complaints. Lundell thus failed to carry her burden of proving that her lupus constitutes a disability within the meaning of the Commissioner's regulations.

On the issue of Lundell's depression, the ALJ concluded that it was not a severe impairment either. A psychologist, Dr. Morgan, opined that Lundell was only mildly or moderately depressed. Another psychologist, Dr. Swanson, noted that Lundell's mental functioning fell within normal limits. Although these opinions conflicted with that of Dr. Iyer, the ALJ did not err in discounting Dr. Iyer's opinion because the ALJ set forth specific, legitimate reasons for doing so. *See Reed v. Massanari*, 270 F.3d 838, 845 (9th Cir. 2001) (explaining that the opinion of a specialist may be entitled to greater weight than that of a generalist).

Lundell next contends that the ALJ erred in rejecting Dr. Iyer's assessment of Lundell's residual functional capacity (RFC). Substantial evidence, however, supports the ALJ's decision not to credit Dr. Iyer's RFC assessment. *See Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (explaining that the decision to discount the opinion of a treating physician must be "based on substantial evidence in the record") (internal quotation marks omitted). The objective evidence inconsistent with Dr. Iyer's assessment includes X-rays and MRI results, an EMG/nerve-conduction study, an EMG/stress test, and pulmonary-function test results.

4

Nor did the ALJ err in evaluating the testimony of Lundell and the third-party statement from Pamela Real, Lundell's sister-in-law. In deciding not to fully credit Lundell's testimony, the ALJ pointed to material inconsistencies between Lundell's testimony and her prior statements. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (noting that an ALJ may discredit a claimant due to inconsistent testimony). The ALJ also properly relied on Real's statement insofar as the statement contained information supporting Lundell's ability to engage in the normal activities of daily living. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (explaining that an ALJ may consider a claimant's daily activities in the credibility analysis).

Finally, the ALJ did not err in assessing the vocational evidence presented by Meyers because the hypothetical question posed to him included only those limitations supported by substantial evidence. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (discussing the standard for hypotheticals posed to vocational experts).

For all the above reasons, WE AFFIRM.