
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL IENCO,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 13-17251

D.C. No. 2:12-cv-02317-ROS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted December 11, 2015**
San Francisco, California

Before: BYBEE and CHRISTEN, Circuit Judges, and CHEN,*** District Judge.

---

        \*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

        \*\*\*   The Honorable Edward M. Chen, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Claimant Michael Ienco seeks review of the denial of his application for disability insurance benefits. Ienco alleges disability due to schizoaffective disorder, attention deficit disorder (ADD), and attention deficit hyperactivity disorder (ADHD). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

The ALJ erred by giving greater weight to the reviewing medical expert's opinion rather than the opinions of the treating and examining physicians. Dr. Dy, Ienco's treating physician, opined that Ienco should "work no more than 25 hours per week." This limitation is the crux of Ienco's disability claim, and the ALJ did not give specific and legitimate reasons to discount the treating and examining physicians' opinions supporting it. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) ("An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" (citation omitted)). With regard to Dr. Dy, the ALJ stated only that Dr. Dy "appear[ed] to have adopted the claimant's subjective allegations and presented them as her own, which diminishes her overall credibility." This is not a specific and legitimate reason, especially in light of the ALJ's finding that Dr. Dy's opinion was "reasonable and . . . supported by the medical evidence of record." The ALJ gave no reasons for rejecting the opinion of Dr. Graff, Ienco's

2

examining physician, who opined that Ienco suffered various limitations. Further, the ALJ erred by assigning controlling weight to the reviewing medical expert's opinion because the reviewing medical expert admitted that he "really can't comment" on "how many hours [Ienco] should work a week."

The ALJ also erred by not including in the vocational expert hypothetical Ienco's schizoaffective disorder, ADD, and ADH, all of which the ALJ found severe at step two of the sequential process. "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)). Because the vocational expert's testimony did not reflect all of Ienco's limitations, the ALJ erred by relying on it.

We remand to the ALJ to reconsider Ienco's eligibility for disability benefits. In particular, on remand the ALJ shall make findings regarding Ienco's ability to work in excess of 25 hours per week.

REVERSED AND REMANDED.

3