**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN LEDDY,<br><br>               Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>               Respondent-Appellee. | No.   14-56620<br><br>D.C. No. 2:14-cv-00419-DFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding[**]

Submitted November 15, 2017[***]
Pasadena, California

Before:  HAWKINS, PARKER,[****] and IKUTA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. §636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[****]     The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Susan Leddy appeals from the district court's order affirming the Social Security Commissioner's denial of her application for disability benefits and supplemental security income due to a combination of physical and mental impairments. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision de novo and the determination of the administrative law judge ("ALJ") for substantial evidence, *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016), we affirm.

Leddy contends that the ALJ erred by determining that her mental impairments were not severe and did not cause any significant functional limitations. The existence of a mental impairment alone does not establish functional limitation or disability. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Substantial medical evidence—including treatment records indicating that Leddy's mental impairments were well-controlled and caused mild, if any, functional limitations as well as the opinions of examining and consulting psychiatrists—supports the ALJ's determination that Leddy's mental impairments did not cause significant functional limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012).

Leddy contends that the ALJ erred by giving inadequate weight to certain medical evidence, a lay witness statement, and her testimony regarding the severity of her symptoms. She also argues that the ALJ erred by not applying Rule 201.14 of

the Medical Vocational Guidelines. Leddy waived these arguments by failing to sufficiently raise them below, and we do not consider them. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006).

Finally, Leddy has not demonstrated that extraordinary circumstances justify supplementing the record on appeal with medical records relating to physical impairments post-dating the ALJ's decision by several years. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). Therefore, Leddy's Motion to Supplement the Record (Docket Entry No. 29) is denied.

**AFFIRMED.**