NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLEEN J. COLUNGA,

           Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

           Defendant-Appellee.

No. 19-15288

D.C. No. 1:18-cv-00085-LEK-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 3, 2021
Honolulu, Hawaii

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Memorandum joined by Judge CLIFTON and Judge R. NELSON and by Judge
    COLLINS as to Parts 1 and 2; Partial Dissent by Judge COLLINS

    Coleen Colunga appeals the district court's judgment affirming the Social

Security Administration's denial of her applications for disability insurance

benefits and supplemental security income. We have jurisdiction under 28 U.S.C.

§ 1291 and review de novo the district court's decision affirming the denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

benefits. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). We may set aside such a denial only when the findings of the Administrative Law Judge ("ALJ") "are based on legal error or not supported by substantial evidence in the record." *Id*. We affirm.

1. Colunga argues that, in ascertaining her residual functional capacity ("RFC"), the ALJ failed to adequately explain his reasons for rejecting her testimony concerning the severity of her symptoms. Specifically, Colunga claims that the ALJ "ignored without comment" her testimony "that she has difficulty breathing, coughs a lot, and gets out of breath fast" and that, as a result, she has difficulty walking. She asserts that the ALJ also failed to address her testimony that her Chronic Obstructive Pulmonary Disease ("COPD") causes sleeping problems that result in fatigue and a need to take naps, as well as her testimony that she is sensitive to "volcanic off gassing" or "vog." We reject this contention.

When an ALJ determines that a claimant's allegations of severity are not credible, the ALJ must support his or her decision with findings that are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony'" regarding her symptoms and limitations. *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc) (citation omitted). The ALJ's explanation meets this standard. The ALJ specifically

2

addressed Colunga's breathing problems and the limitations that followed from them. He also discussed whether Colunga had a "severe sleep disorder separate from her severe breathing impairment" and whether her RFC needed to include an additional "limitation against exposure to respiratory irritants." Although the ALJ did not specifically quote or recite the portions of Colunga's testimony that addressed the particular breathing-related limitations Colunga now emphasizes,[1] we conclude that the ALJ's decision sufficiently discloses the permissible grounds on which that testimony was rejected, *see id.*, and "'explain[s] what evidence undermines the testimony,'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). Given the ALJ's extensive discussion of Colunga's breathing problems and the limitations that follow from them, this is not a case in which we are forced to "speculate as to the grounds for the ALJ's conclusions." *Id.* at 1103.[2]

---

[1] The ALJ did, however, specifically address several other aspects of Colunga's testimony that he did not find entirely credible, such as her claimed inability to pick up things, the degree to which she claimed she could not be around people, and her claimed inability to handle stress or changes in routine. The ALJ also noted, more generally, that her claimed limitations were "not consistent" with her "activities of daily living." This was thus not a case in which the ALJ completely failed to mention or address any specific aspects of the claimant's testimony that were rejected.

[2] As the Commissioner notes, apart from challenging the adequacy of the ALJ's articulation of his reasoning, Colunga largely fails to challenge the *substantive* rationale for that reasoning. The only arguable exception is the ALJ's rejection of a limitation concerning "exposure to respiratory irritants," which Colunga asserts is

2. We reject Colunga's argument that the ALJ's RFC determination must be set aside because it does not specifically mention the statements of her daughter, Keola Thompson. The ALJ need not "discuss every witness's testimony on a individualized, witness-by-witness basis." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012), *superseded by regulation on other grounds as stated in Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). Thus, for example, when the ALJ "provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints" and a lay witness's testimony was "similar to such complaints," it "follow[ed] that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Because the statements from Thompson to which Colunga points on appeal echoed Colunga's own testimony about her symptoms and functional limitations, the ALJ's failure to mention those statements expressly does not warrant setting aside his decision. *See id*.

---

contradicted by her testimony about vog as well as by medical records concerning how environmental factors affect her COPD. On this point, the ALJ acknowledged that Dr. Shibuya, a non-examining physician whom the ALJ otherwise found persuasive, had opined that Colunga should avoid "concentrated" exposure to respiratory irritants, but the ALJ concluded that the medical evidence from the examining physicians did not support a "separate limitation against exposure to respiratory irritants." We cannot say that the ALJ's reading of the record evidence on this score was unreasonable.

4

3. Colunga alternatively contends that, even if the ALJ's RFC determination was proper, his questioning of the vocational expert at the hearing was flawed because it did not reflect all of the limitations in that RFC. At the fifth and final step of the disability analysis, the ALJ must determine whether the claimant is capable of making an adjustment to another line of work—if she is, then she is not disabled. 20 C.F.R. § 404.1520(a)(4)(v). The Commissioner has the burden of demonstrating that the claimant can engage in such work. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). As part of that analysis, the ALJ may pose hypothetical questions to vocational experts, provided that the questions are "based on medical assumptions supported by substantial evidence in the record and reflecting all the claimant's limitations, both physical and mental, supported by the record." *Id.* (citation omitted). If the question fails to reflect *all* claimed limitations, "'then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" *Id*. at 1162 (quoting *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)).

Here, the ALJ found that Colunga could have "only occasional interaction with the public[,] . . . co-workers[,] or supervisors." But the hypothetical question he posed to the vocational expert asked only about occasional interaction with the public or coworkers—omitting the third category, "supervisors," that was enumerated in the RFC. The Commissioner argues that the expert adequately

addressed Colunga's limitations, but even if the ALJ's hypothetical could have been more artful, any error was harmless because it was "inconsequential to the ultimate nondisability determination." *Treichler*, 775 F.3d at 1099 (citation omitted). We agree that the error, if any, was harmless and that remand is not required.

There is no basis for concluding that the particular jobs the vocational expert found consistent with Colunga's RFC (kitchen helper, stores laborer, and hand packager) require more than "occasional interaction" with supervisors that is outside the scope of activity already covered by the coworker limitation. The Dictionary of Occupational Titles[3] ("DOT"), on which the ALJ relied, delineates the tasks required for particular jobs. The listed tasks that relate to interaction with supervisors are "taking instructions-helping" and "talking." In particular, "[t]aking instructions-helping" refers to the task of "[a]ttending to the work assignment instructions or orders of supervisor." DOT Appendix B – Explanation of Data, People, and Things, *available at* 1991 WL 688701. According to the DOT, none of the three jobs identified by the vocational expert entails a significant amount of either "taking instructions-helping" or "talking." *See* DOT 920.587-018, *available at* 1991 WL 687916 (description for "packager, hand"); DOT 922.687-058,

---

[3] We reject Colunga's argument that we cannot look to the DOT's job descriptions. *See Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015) (looking to the DOT's job descriptions to determine if the ALJ's error at step five was harmless).

6

*available at* 1991 WL 688132 (description for "laborer, stores"); DOT 318.687-010, *available at* 1991 WL 672755 (description for "kitchen helper") (all listing "taking instructions-helping" as "not significant" and "talking" as "not present").

Given that all three of the positions identified by the expert require, at most, a minimal amount of interpersonal interaction, including with supervisors, the ALJ's failure to specifically mention "supervisors" in addition to "coworkers" was inconsequential to the ultimate finding of non-disability. Any error was therefore harmless, and no remand is required.

**AFFIRMED.**

FILED

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I concur in Parts 1 and 2 of the memorandum disposition.  I dissent as to Part 3, however, because I do not think that the record permits us to conclude that the ALJ's deficient questioning of the vocational expert was harmless.

As the majority notes, *see* Mem. Dispo. at 5, we have held that, in assessing whether the claimant can "engage in work that exists in significant numbers in the national economy," the ALJ may "ask[] a vocational expert a hypothetical question based on medical assumptions supported by substantial evidence in the record and reflecting all the claimant's limitations, both physical and mental, supported by the record."  *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).  But if the hypothetical question "'does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'"  *Id*. at 1162 (quoting *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)).  Here, the ALJ found that Colunga's residual functional capacity ("RFC") encompassed several limitations, including that "she can have only occasional interaction with the *public*, and[] she can have only occasional interaction with *co-workers* or *supervisors*" (emphasis added).  However, in framing the hypothetical question to the vocational expert, the ALJ left out the word "supervisors" and told the expert to assume that the hypothetical

person "would only have occasional interaction with the public or coworkers." The Commissioner acknowledges the error, but he claims that it was harmless for two reasons. The majority accepts the second of those reasons, *see* Mem. Dispo. at 6–7, but I disagree with both.

First, the Commissioner asserts that the limitation as to "co-workers" is literally broad enough to sweep in "supervisors." But this overlooks the fact that, as the agency itself has recognized, interaction with supervisors entails different considerations, including concerns about "being judged and evaluated," which "can be intolerable for some mentally impaired persons." *See* SSR 85-15, 1985 WL 56857 (Jan. 1, 1985) at *6. We thus cannot say that the hypothetical question's mention of "co-workers" adequately captures Colunga's RFC, which specifically referenced *both* "co-workers" and "supervisors."

Second, noting that the vocational expert relied on three particular jobs that Colunga could perform, the Commissioner contends that, if the court examines the descriptions of these three specific jobs in the Dictionary of Occupational Titles ("DOT"), which was relied on by the ALJ, none of these three jobs entails more than occasional interaction with supervisors. *Cf. Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015) (referring to DOT's job descriptions in assessing harmless error). But these job descriptions do not reference whether those positions require "only occasional interaction with . . . supervisors," which is the phrasing used in

2

the RFC. Instead, the Commissioner argues that we can *deduce* that conclusion from the fact that the three job descriptions do not require skills such as "talking" or "taking instructions-helping," which is defined as "[a]ttending to the work assignment instruction orders of supervisor." *See* DOT Appendix B – Explanation of Data, People, and Things, *available at* 1991 WL 688701; *see also* DOT 920.587-018 (job description for "Packager, Hand"), *available at* 1991 WL 687916; DOT 922.687-058 (job description for "Laborer, Stores"), *available at* 1991 WL 688132; DOT 318.687-010 (job description for "Kitchen Helper"), *available at* 1991 WL 672755. The majority concludes that this inference obviously follows from the DOT job descriptions, and on that basis the majority finds the ALJ's error in framing the question to the vocational expert to be harmless. But a "reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). It is the role of the vocational expert in the first instance, not this court, to assess whether the limitation to "only occasional interaction with . . . supervisors" is adequately covered by the two aspects of the relevant DOT job descriptions that the Commissioner now cites.

Accordingly, I would affirm the district court's decision insofar as it upholds the ALJ's determination of Colunga's RFC, but I would vacate that decision to the extent that it upheld the adequacy of the ALJ's hypothetical question to the

3

vocational expert and I would remand for further proceedings.  I therefore

respectfully concur in part and dissent in part.