**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARRI LEA LEIR, | No. 12-35545 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05411-RAJ |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted October 11, 2013[**]
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Claimant Carri Lea Leir seeks review of the Commissioner's denial of

Social Security Disability Insurance Benefits, which the district court upheld.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Reviewing de novo for substantial evidence and harmful legal error, Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012), we reverse and remand.

1.     The Appeals Council evaluated Claimant's supplemental evidence and properly incorporated it into the record, along with the Appeals Council's determination that the supplemental evidence did not provide a ground for changing the decision of the administrative law judge ("ALJ").  Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012).  The Appeals Council was not required to make any particular evidentiary finding.  Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1231-32 (9th Cir. 2011).

2.     The ALJ provided "clear and convincing" reasons to reject Claimant's subjective testimony, including contrary medical evidence and self-reports of everyday activities.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (holding that an ALJ may reject a claimant's subjective testimony in reliance on reports of activities of daily living that are transferable to a work setting). Claimant could, for example, play computer games, cook, wash dishes, do laundry and some yard work, vacuum, travel, shop, and care for pets.

3.     The ALJ did not reject the lay testimony and, therefore, had no obligation to provide reasons for a rejection as required by Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).

4.      But the ALJ erred as a matter of law in failing to provide "clear and convincing" reasons for rejecting the uncontradicted hand-use limitations put forth by Dr. Hatzakis, Claimant's treating physician, and supported by the testimony of Dr. Barnes.  Lester, 81 F.3d at 830-31.  "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law."  Id. at 834 (internal quotation marks omitted).  In light of the ALJ's failure to reject Dr. Hatzakis' opinion, the ALJ further erred in failing to incorporate Claimant's limitation of 15-20 minutes of hand use, followed by a mandatory rest period, in his hypothetical to the vocational expert.  See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) ("If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." (internal quotation marks omitted)).  Failure to include the limitation in the hypothetical, or to discount the treating physician opinion properly, requires a remand for reconsideration after the record is developed.  DeLorme v. Sullivan,

924 F.2d 841, 850 (9th Cir. 1991).[1]  Accordingly, we reverse and order the district court to remand to the Commissioner for reconsideration of Claimant's treating physician's testimony regarding her hand-use limitation—and such other issues as may be affected by this error—and to conduct such further proceedings and engage in such further consideration as may be appropriate.

**REVERSED and REMANDED.**

---

[1]  Because we reverse and remand with respect to the hypothetical posed to the vocational expert, which will result in further proceedings, we need not evaluate whether her testimony was ambiguous.