**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS SMITH, | No. 12-36009 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-03027-JPH |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, Senior District Judge, Presiding

Argued and Submitted November 4, 2013
Seattle, Washington

Before: SCHROEDER, PAEZ, and BERZON, Circuit Judges.

Claimant Marcus Smith appeals the denial of his application for

supplemental security income. The district court, adopting a report and

recommendation from the magistrate judge, affirmed the Administrative Law

Judge's ("ALJ") determination that Claimant was not disabled.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The record is undisputed that Claimant suffers from morbid obesity, asthma, and depression, each severe. Claimant also suffers from a congenital wrist impairment that the ALJ found is not severe but interferes with his ability to use his hands. Claimant continues to suffer the results of an abusive childhood, exhibiting violent and antisocial behavior. He is 5'8" and weighs 410 pounds. He has no past relevant work, and a high school education.

In denying the Claimant's application, the ALJ concluded that, on the basis of statements in the medical records and lay witness testimony, his residual functional capacity ("RFC") rendered Claimant capable of performing light, sedentary work.

In considering each of the medical opinions separately, however, the ALJ failed to consider the combination of Claimant's severe mental and physical impairments. "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The combination of Claimant's severe physical and mental impairments undermine the basis of the ALJ's RFC conclusion.

The ALJ also did not consider the combination of Claimant's severe and non-severe physical impairments, in determining the RFC. Claimant's wrist pain,

although not severe, did restrict his ability in handling. This limitation was confirmed by both lay witnesses. The ALJ, however, failed to incorporate any wrist or handling restrictions in Claimant's RFC. Because the RFC failed to take into account the combined effect of the severe mental and physical impairments, as well as the limitation created by the non-severe wrist impairment, the RFC was not supported by substantial evidence.

Moreover, relying on a hypothetical that did not include a wrist impairment, the vocational expert determined that Claimant could perform jobs which call for repetitive hand movement and fine handling such as "small product assembler" and "laundry folder." "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value . . . ." *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (internal quotation marks and citation omitted). As a result, the Commissioner did not meet her burden at step five of demonstrating that substantial gainful work exists in the national economy.

We therefore reverse the district court and remand for award of benefits.

**REVERSED** and **REMANDED**.