**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAY 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATHLEEN THRASHER,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

Defendant - Appellee.

No. 14-35739

D.C. No. 3:13-cv-00166-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted May 14, 2015[**]
Anchorage, Alaska

Before: CANBY, BYBEE, and WATFORD, Circuit Judges.

Kathleen Thrasher appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for Supplemental

Security Income. We review de novo the district court's order affirming the ALJ's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of benefits. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may "reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Id.* We will not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1111. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Thrasher argues that the ALJ's nondisability determination is unsupported by substantial evidence because the ALJ failed to consider properly the evidence from Thrasher's mother and Thrasher's past suicide attempts. She maintains that when the evidence is properly considered, she fits the description of a hypothetical individual that the vocational expert testified would be "preclude[d]" from all the jobs he had testified to—in other words, she is "unable to engage in sustained work activity for a full eight-hour workday on a regular and consistent basis."

The ALJ's opinion discussed and considered evidence from Thrasher's mother, Janet Bordereiux. To the extent the ALJ discounted portions of Bordereiux's report and testimony, he offered germane reasons: Thrasher has few limitations, functions independently on a daily basis, and medication helps control her symptoms. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that "[i]nconsistency with medical evidence" constitutes a germane reason for discrediting the testimony of a lay witness); *see also Valentine v. Comm'r Soc.*

2

*Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"). Thus, Bordereiux's statements do not undermine our conclusion that substantial evidence supports the ALJ's determination that Thrasher is capable of performing work limited to "one to three step tasks with only simple, work-related decisions and few, if any, workplace changes," when given the proper medication.

Next, Thrasher argues that the ALJ did not adequately consider and failed to develop the record regarding evidence of Thrasher's prior suicide attempts, pointing to medical records suggesting that Thrasher had previously been hospitalized for "suicidal behavior" and has a history of "multiple suicide attempts, including drowning and overdosing." She also contends that the ALJ misunderstood the record with respect to Thrasher's 2010 suicide attempt, arguing that she had attempted suicide because she and a friend were "parting" and not because they were "partying," as the ALJ stated. To meet the required level of severity for Thrasher's mental impairments, the regulations require an ALJ to find, among other things, "repeated episodes of decompensation, each of extended

3

duration," 20 C.F.R. Pt. 404, subpt. P, app. 1 §§ 12.04; 12.06; 12.09, defined as "three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks," *id.* § 12.00C.4.

The administrative record is sufficiently clear to foreclose the possibility that further factual development would have revealed three, post-onset episodes of decompensation, taking place within one year or an average of once every four months, and lasting for at least two weeks each, as required under the regulations. Accordingly, the record is not sufficiently ambiguous to trigger the ALJ's duty to develop the record further. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Even if it was, the ALJ's failure was harmless. *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). The ALJ's misreading of the record regarding Thrasher's 2010 suicide attempt was also, at most, harmless error. *Molina*, 674 F.3d at 1115. Whether Thrasher attempted suicide as a result of "parting" or partying with a friend, the result is the same: She suffered one episode

of decompensation, which is not sufficient to establish the required level of severity for her mental impairments.[1]

Finally, in her reply brief, Thrasher raises two new arguments not addressed in the opening brief: (1) the agency failed to assess depression as a medically determinable impairment; and (2) the agency failed to assess the opinions of Thrasher's treating physician, Dr. Dipreta. These arguments are waived because they were not raised in the opening brief. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). In any event, they lack merit. The ALJ concluded that Thrasher has "affective disorder," which encompasses depression, and acknowledged Thrasher's "[c]omplaints of depression," the impact of medication on her depression, the effect of alcohol on her depression, and signs of recovery from depression. Moreover, the ALJ cited to at least five of Dr. Dipreta's reports and relied in large part on those reports to conclude that Thrasher's symptoms could be controlled using medication. Thus, there is no merit to Thrasher's argument that the ALJ failed to consider either depression or Dr. Dipreta's medical opinions.

---

[1] Thrasher also contends that the ALJ's failure to properly consider evidence at step 2 carried forward to infect the analysis at steps 3 and 4, citing *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 726 (9th Cir. 2011). *Keyser* is inapposite. *Keyser* held that an ALJ's failure to make explicit findings regarding the four functional areas is not harmless where the claimant presents a "colorable claim of mental impairment." *Id.* Here, by contrast, the ALJ made explicit, narrative findings in each of the functional areas.

In sum, substantial evidence supports the ALJ's conclusion that Thrasher is not disabled within the meaning of the Social Security Act.

**AFFIRMED.**