NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BILLY WAYNE BROWN,

            Plaintiff-Appellant,

   v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

            Defendant-Appellee.

No.   15-35467

D.C. No. 3:14-cv-05447-RJB

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted September 1, 2017
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and FOOTE,** District
Judge.

    Billy Wayne Brown appeals from the district court's order affirming the

Social Security Commissioner's denial of his applications for Social Security

Disability Insurance benefits and Supplemental Security Income benefits due to a

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The Honorable Elizabeth E. Foote, United States District Judge for the
Western District of Louisiana, sitting by designation.

combination of physical and mental impairments. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision de novo and the determination of the administrative law judge ("ALJ") for substantial evidence, *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016), we affirm.

Contrary to Brown's contention, the ALJ did not reject examining psychologist Dr. Covell's opinion, but instead, gave "great weight" to her opinion. The ALJ reasonably interpreted Dr. Covell's opinion and incorporated the limitations identified in her report into a residual functional capacity ("RFC") assessment. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691–92 (9th Cir. 2009). Nor did the ALJ err by giving little weight to the global assessment of function ("GAF") score contained in Dr. Covell's report. The ALJ provided sufficient reasons supported by substantial evidence for relying on Dr. Covell's narrative opinion rather than the GAF score including that (1) the GAF score may be based on Brown's description of his symptoms, which the ALJ found to be less than fully credible; and (2) the GAF score did not have a direct correlation to the severity requirements in the mental disorder listings. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinion based on claimant's subjective complaints appropriately given same weight as claimant's testimony regarding symptoms).

The ALJ's determination that Brown was not disabled due to carpal tunnel syndrome and inclusion of a limitation of "frequent handl[ing]" in the RFC also are supported by substantial evidence. The existence of Brown's carpal tunnel syndrome alone is insufficient to establish functional limitations or disability. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). And, the records of Brown's treating physician indicate that Brown had normal strength and full mobility of his hands and fingers both before and after his carpal tunnel release surgery.

Because the record evidence was not ambiguous and the record was sufficient to allow for proper evaluation of the evidence, the ALJ was not required to re-contact Brown's doctors or further develop the record. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

Finally, the ALJ provided specific, clear and convincing reasons for finding Brown's testimony regarding his symptom severity was not fully credible, including that Brown's testimony was inconsistent with his daily activities, former reports to medical professionals and the agency, and medical assessments. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

**AFFIRMED.**