NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHARION LEE ROMO, | No. 16-35107 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05046-KLS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted April 4, 2018[**]

Before: FARRIS, CANBY and LEAVY, Circuit Judges.

Sharion Romo appeals the district court's decision affirming the

Commissioner of Social Security's denial of Romo's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 736 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ properly gave "significant weight" to examining physicians Dr. Jones, Blue and Rosenberg's opinions, but limited Romo to light work. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("when an examining physician provides independent clinical findings that differ from the findings of the treating physician, such findings are substantial evidence."). Drs. Jones, Blue and Rosenberg's examinations consistently found no impairments. Romo contends that the opinions of Drs. Blue and Jones should not be given significant weight because they examined Romo for her workers' compensation claim, yet Drs. Rosenberg and Rubio made similar conclusions for purposes of social security. Since the ALJ limited Romo to light work as defined by the Commissioner, he did not wholly adopt Dr. Blue and Dr. Jones's opinions.

The ALJ properly gave significant weight to state agency physician consultant Dr. Rubio because he reviewed the record and his opinion was consistent with the opinions of Drs. Jones, Blue, and Rosenthal and objective medical evidence that Romo's hand problems improved after she had a release and therapy. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that "the opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or

other evidence in the record").

The ALJ gave the following specific and legitimate reasons for assigning little weight to Dr. Osmun's opinion: (1) Dr. Osmun lacked objective findings to support his opined limitations; (2) the longitudinal record does not support this opinion; (3) notes show that Romo's condition improved after the trigger finger release and she was released to casino surveillance and receptionist jobs; (4) the opinions of Drs. Jones, Blue, and Rosenberg, who all found that Romo's impairments posed no limitations, contradicted his opinion; (5) his opinion conflicts with Romo's activities of daily living; and (6) his opinion regarding Romo's depression requiring low stress jobs was inconsistent with Romo's own statement that medication adequately treated her depression. *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is . . . inadequately supported by the clinical findings."); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (upholding ALJ's rejection of two treating physicians' opinions, in part because they conflict with a consultative medical evaluation); *Warre v. Comm'r of the Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits"). The ALJ's error in finding that Dr. Osmun's June and July 2013 opinions were inconsistent with each other was

harmless because the ALJ provided other specific and legitimate reasons supported by substantial evidence for discounting his opinions. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination.").

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Romo's testimony regarding the debilitating effects of her symptoms: (1) she had gaps in treatment; (2) her allegations were inconsistent with objective medical evidence; and (3) she took only over-the-counter medication. *See Molina*, 674 F.3d at 1113 (holding that the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (holding that an ALJ can consider a lack of supporting medical evidence when assessing credibility); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (holding that over-the-counter pain medication is conservative treatment that discounts claimant's testimony regarding severity of impairment).

The ALJ erred in discounting Romo's credibility in finding that Romo made inconsistent statements. The ALJ also questionably commented on her testimony that she certified for unemployment benefits while only looking for part-time jobs. The ALJ also erred because she did not engage in her reported activities with sufficient frequency to show that they are transferable to a work setting. *Diedrich*

4                                                                                  16-35107

*v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017). Nonetheless, these were harmless errors given that valid reasons supported by substantial evidence undermined her credibility. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155 1162-63 (9th Cir. 2008); *Batson*, 359 F.3d at 1197.

The ALJ properly gave little weight to Romo's daughter Ms. Filkins's statement because she was not a witness to her daily activities. Therefore, she lacked the foundation to provide an accurate depiction of Romo's functioning. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1995) (holding that witnesses must have sufficient contact with a claimant during the relevant period to qualify as competent).

The ALJ erroneously gave little weight to Romo's daughter Ms. Romo's statement because it was inconsistent with Romo's own descriptions of her self-care. The ALJ's reasoning was erroneous because Ms. Romo's statement was mostly consistent with Romo's testimony, but any error was harmless because Ms. Romo's other statements were substantially similar to Romo's testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding harmless error with respect to non-germane reason because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay

16-35107

witness's] testimony").

The ALJ properly rejected Romo's brother Mr. Jay's letter because it was inconsistent with doctors' observations and Romo's statements. "Inconsistency with medical evidence" is a germane reason for discrediting a lay witness's statement. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

At Step 4, the ALJ properly concluded that Romo could perform her office helper job as actually performed and as generally performed. The ALJ relied on Romo's testimony that she worked full-time at this job and performed the job on her own two days of the week and the vocational expert (VE)'s testimony that Romo performed all the tasks of an office helper when she worked by herself two days of the week. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (holding that a vocational expert's testimony is useful at step four, but not required); *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (citing SSR 82-41 for the proposition that a claimant's own testimony "may be used to define a claimant's past relevant work as actually performed").

The ALJ erred in finding that Romo could perform her past work as surveillance system monitor as actually performed because the VE testified that she appeared not to be performing work that actually existed in the company. The ALJ's rejection of the VE's testimony on this point lacks support because the ALJ offers no basis for calling into question the VE's expertise regarding the job

6

requirements of a surveillance system monitor position. *Bayliss*, 427 F.3d at 1217-18; 20 C.F.R. § 404.1560(b)(2). This error was harmless because substantial evidence supports the ALJ's finding that Romo can perform her past work as office helper as actually performed and as generally performed. *Stout v. Comm'r, Soc. Sec. Admin.* , 454 F.3d 1050, 1055-1056 (9th Cir. 2006).

**AFFIRMED.**