**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN KAMINSKI, | No. 20-16775 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-01379-JLT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted August 13, 2021**
San Francisco, California

Before: McKEOWN, FORREST, and BUMATAY, Circuit Judges.

Claimant John Kaminski appeals from the district court's order affirming the

Commissioner's denial of his application for disability insurance benefits under Title

II of the Social Security Act, 42 U.S.C. § 423. We have jurisdiction under 42 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 405(g) and 28 U.S.C. § 1291. We review the district court's order de novo and reverse only if the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We affirm.

1. The ALJ rejected consultative examining psychiatrist Charles DeBattista, M.D.'s opinion that Kaminski had marked and moderate-to-marked limitations in the relevant areas because these conclusions conflicted with other medical evidence and with the documented effectiveness of Kaminski's mental health treatment. On the record presented in this case, any argument that the ALJ erred by giving Dr. DeBattista's opinion only some weight fails. *See* 20 C.F.R. § 404.1527(c)(3), (4); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

2. Contrary to Kaminski's assertions, the ALJ did not err by not addressing treating psychiatrists Cynthia Hunt, M.D. and Charles Edwards, M.D.'s treatment notes and social worker Susan Valencia's documentation of his severe mental impairments when determining that Kaminski was not disabled. Because the treating psychiatrists' treatment notes offered no opinion about the severity of Kaminski's mental impairments or any functional limitations that those impairments caused, they are not medical opinions that the ALJ must address in its disability determination. *See* 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223–24 (9th Cir. 2010). Similarly, Ms. Valencia's

documentation of Kaminski's auditory hallucinations, schizophrenia, and anxiety, without any assessment of their severity or functional limitations, is insufficient proof of disability. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (noting "[t]he mere existence of an impairment is insufficient proof of a disability").

3.  Kaminski's argument that substantial evidence does not support the ALJ's residual functional capacity (RFC) finding fails because Kaminski does not specify what mental limitations, besides those for which the ALJ had already accounted in the RFC, follow from the impairments that he claims the ALJ failed to include in the RFC determination. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2. (9th Cir. 2009).

**AFFIRMED.**